## WILLIAMS *v.* GREEN.

1. PARTIES—PARTNERSHIP — INDIVIDUAL NAME — RIGHT TO SUE — FRAUD.

   Where the record discloses that at the time suit was brought for fraud in the sale of a saloon and restaurant business, plaintiff was the only person interested in the business, he having a written bill of sale from another who had had some interest and expected to be a partner, plaintiff could bring the suit in his individual name.

2. APPEAL AND ERROR—NAMES—FICTITIOUS NAMES—REGISTRATION.

   The question of plaintiff's failure to comply with the law relating to partnership registration (Act No. 101, Pub. Acts 1907; 2 Comp. Laws 1915, § 6349 *et seq.;* Act No. 164, Pub. Acts 1913; 2 Comp. Laws 1915, § 6354 *et seq.*), raised for the first time in the Supreme Court, will not be reviewed.

3. TRIAL—CONDUCT OF JURORS—PREJUDICIAL ERROR.

   Where plaintiff was a man of limited intelligence, and made a very dull and unresponsive witness, both court and counsel endeavoring to impress upon him that he should answer the questions, a remark by one of the jurors, "Say 'Yes' or 'No.' We will stand by you if he wants to lick you or anything," did not show any prejudice with reference to the merits of the case requiring reversal.

4. SAME—EVIDENCE—SUFFICIENCY—EXCESSIVE VERDICT.

   Evidence *held*, sufficient to sustain the finding of the jury which was not against the weight of the evidence; nor was the verdict excessive.

Error to Wayne; Collingwood, J., presiding. Submitted January 18, 1918. (Docket No. 143.) Decided April 2, 1918.

Assumpsit by William H. Williams against Charles A. Green for money obtained by fraud and deceit. Judgment for plaintiff. Defendant brings error. Affirmed.

*John W. Goodson,* for appellant.

*Zimmer & Chedester,* for appellee.

KUHN, J.   The plaintiff, who was a man of about 59 years of age, up to the time that he became involved in the transaction which resulted in this litigation, was a farmer, residing in Ontario, Canada. In 1914 he sold his 20 acres of land for the sum of $10,000, and with the proceeds of this sale came to Detroit, and, upon the advice of one Charles McCord, purchased a saloon and hotel at 1359 Jefferson avenue, in that city.  Not being a citizen of the United States, he could not take the license out in his own name, and took it out in the name of said McCord, who was to become a partner in the business with the plaintiff, providing (to use the words of the plaintiff) "they had good luck with the business, namely, if they were successful."  On the 17th of June, 1914, a bill of sale was executed by the defendant to the plaintiff and said McCord, wherein said defendant agreed to convey to the said plaintiff and said McCord all of the stock, fixtures, goods, wares, merchandise, furniture and equipment of every name and nature, used in the saloon, restaurant and hotel business located at 1359 Jefferson avenue east, together with the good-will of said business.  The plaintiff paid the defendant the sum of $4,000 cash, and gave him, as evidence of the balance due, viz., $6,000, twelve promissory notes signed by McCord and himself, secured by two real-estate mortgages on real estate owned by the plaintiff.  This bill of sale purported to convey to plaintiff and McCord, as before stated, all of the bar fixtures, furniture and equipment of every name and nature used in the saloon and restaurant, while it appears undisputed that the defendant did not own, at the time that he executed this instrument, certain of these bar fixtures, chairs and tables, and the piano and

clock. It is also the theory of the plaintiff that fraudulent representations were made as to the earnings of the business. This action is brought to recover for the property which it is claimed the plaintiff bought and did not receive and for other damages resulting from the alleged fraudulent representations. The trial resulted in a verdict of $2,269.15. Counsel for defendant and appellant urges 23 assignments of error to support his contention that the verdict and judgment should be reversed.

It does not appear that the question of an assignment of the cause of action from McCord to Williams was raised. and the first question, which is argued at some length in the brief of counsel, is that the bill of sale of the property in question, given by the defendant to the plaintiff, Williams, and Charles S. McCord, was a partnership transaction and that the plaintiff had no right to bring this action in his individual name; that Williams and McCord were partners, and recognized and treated as such by the defendant Green. It is contended, on the other hand, that there was no actual partnership entered into, no written agreement was made, and that the agreement simply was that McCord was to, have an interest if the business was successful. But be that as it may, the record does disclose that at the time this suit was instituted, the plaintiff was the only person interested in this business, he having purchased, on the 7th of November, 1914, all the interest, if any, which McCord had in the business, which is evidenced by a written bill of sale signed by McCord.

The further claim is made that the plaintiff is not entitled to recover because he had failed to comply with the law relating to partnership registration. Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 et seq.) ; Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 et seq.). We are unable to find from

the record that this claim was called specifically to the attention of the trial judge, either in the motion to direct a verdict at the close of the plaintiff's proofs or in any other way. We therefore deem it a sufficient answer to this claim to say, as we have often said, that we will not consider any questions on appeal which were not called to the attention of the trial judge so as to enable him to pass thereon.

It is further urged that prejudicial error occurred during the trial of the case, while the plaintiff was upon the witness stand and was being cross-examined by defendant's counsel, who was having considerable difficulty in getting answers from the plaintiff to the questions which he was propounding. He was admonished several times by the court to answer the questions, the court saying:

"Why don't you answer the question, then. Brace up. We can't have this thing go on this way."

His own counsel also advised him that, unless he answered the question, they would be obliged to drop their case and get out of the court. The court thereupon said to the witness:

"You seem to answer Mr. Zimmer all right. Why can't you answer this gentleman the same way. He is not trying to frighten you."

Whereupon a juror said:

"Say yes or no. We will stand by you if he wants to lick you or anything."

It is very apparent from a reading of the record that the plaintiff was a man of limited intelligence and made a very dull and unresponsive witness. The court and both counsel were endeavoring to impress upon him that he should answer the question, and we are not impressed that the remark made by the juror showed any prejudice with reference to the merits of the question involved in the controversy. It was un-

doubtedly merely an effort on the part of the juror to assist the court and both counsel in reassuring the witness for the purpose of obtaining proper answers to the questions which were being asked.

We have examined the other assignments of error, and after a careful consideration of the claims made, we are not impressed that they should lead to a reversal of this case. The issue of the fraud claimed was fairly submitted by the trial judge to the jury. In our opinion there was sufficient evidence to sustain the finding of the jury, and we will not set the verdict aside on the ground that it was contrary to the weight of the evidence. Nor was the verdict excessive, in view of the claims of the plaintiff.

The judgment should be, and is hereby affirmed.

OSTRANDER, C. J., and BIRD; MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.